IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD M. TAYLOR, D.O., P.A., ET AL. § § § Plaintiffs, § § VS. § § B&F CORPORATE BENEFITS, INC. § a/k/a B&F CORPORATE BENEFIT § SERVICES, INC., ET AL. § § Defendants. § | NO. 3-05-CV-0553-BD |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Richard M. Taylor, D.O., P.A. and R. Bruce Parker, M.D., P.C. have filed a motion to remand this case to Texas state court. For the reasons stated herein, the motion is granted.

I.

This is a civil action arising out of plaintiffs' participation in the Dominion Multiple Welfare Employer Benefit Plan and Trust (the "Plan"), a multiple employer trust that was supposed to qualify for special tax treatment under section 419A(f)(6) of the Internal Revenue Code. Based on representations allegedly made by Michael D. Hicks ("Hicks"), their broker, and B&F Corporate Benefits, Inc., through its President, David L. Fussell (collectively "B&F"), the Plan Administrator, plaintiffs contributed nearly $1 million to the Plan in 2003 and 2004. (*See* Plf. Orig. Pet. at 4-5, ¶¶ 12-15). Thereafter, plaintiffs learned that the Plan was under investigation by certain regulatory agencies and that the assets had been frozen. (*Id.* at 5-6, ¶ 19 & Exh. A). Although B&F offered to refund a portion of plaintiffs' investment in exchange for a release of liability, plaintiffs declined the offer and filed suit in Texas state court. (*See id.* at 6, ¶¶ 21-22).

In their state court petition filed on February 15, 2005, plaintiffs assert a variety of claims against Hicks, B&F, and Tamara B. Segal, Individually and d/b/a Tamara B. Segal, P.L.L.C. (collectively "Segal"), the Plan Trustee.[1]  On March, 18, 2005, after all defendants filed answers in the state court proceeding, Segal timely removed the case to federal court on the basis of ERISA preemption.  The Notice of Removal, which is signed only by counsel for Segal, states that all other defendants consented to removal. (Not. of Rem. at 1).  In addition, the certificate of service attached to the removal notice recites:

> Counsel for Defendants Tamara B. Segal, Individually, Tamara B. Segal, P.L.L.C. and Tamara B. Segal, Tamara Brock Segal, Trustee of the Dominion Multiple Employer Welfare Benefit Plan and Trust conferred with counsel for Defendants B&F Corporate Benefits, Inc. a/k/a B&F Corporate Benefits Services, Inc., David Fussell, and Michael Hicks regarding the filing of this Notice of Removal.  These Defendants consent to the removal of this cause.

(*Id.* at 5).  B&F and Hicks, either individually or through their attorneys, did not file any written document indicating their consent to removal.

Plaintiffs now seek an order remanding this case to Texas state court.  As grounds for their motion, plaintiffs contend that: (1) Segal's notice of removal is procedurally improper for lack of joinder by all defendants; and (2) their state law claims are not preempted by ERISA.  The motion has been fully briefed by the parties and is ripe for determination.[2]

II.

The removal statute, 28 U.S.C. § 1446, provides, in pertinent part:

---

[1] Plaintiffs assert claims against various defendants for breach of contract, breach of fiduciary duty, violations of article 21.21 of the Texas Insurance Code, and equitable relief, including a temporary injunction and the appointment of a receiver. (*See* Plf. Orig. Pet. at 6-12, ¶¶ 23-56).

[2] Only Segal has filed a response in opposition to plaintiff's motion to remand.  B&F and Hicks have not joined in Segal's response or filed their own response to the motion.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). In cases involving multiple defendants, the Fifth Circuit has interpreted this provision to require that all defendants then served join in or consent to removal within 30 days of service on the first defendant. *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). Failure to do so renders the removal defective. *Getty Oil*, 841 F.2d at 1262-63. The purpose of this requirement is to promote unanimity among defendants. *Id.* at 1263. The rule is consistent with the trend towards limiting removal jurisdiction and with the principle that removal statutes are to be strictly construed. *Id.* at 1263 n. 13. *See also Moore v. American Home Products Corp.*, 1998 WL 760267 at *1 (N.D. Tex. Oct. 21, 1998).

The requirement that each defendant join in or consent to removal does not mean that each defendant must actually sign the notice of removal. However, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty Oil,* 841 F.2d at 1262 n.11. When a party makes a timely motion to remand asserting a procedural defect, such as the failure of all the defendants to join in or consent to removal, remand is required. *See Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 339-40 (E.D. Tex. 1993); *Moore*, 1998 WL 760267 at *1.

A.

The notice of removal in this case is signed only by counsel for Segal. Although the notice recites that the other defendants consent to removal, neither B&F nor Hicks timely filed a written document indicating their consent. In a belated attempt to cure this defect, Segal relies on the affidavit of Robert L. Hoffman, former counsel for B&F and Fussell. Hoffman confirms that he had authority to consent to removal on behalf of his clients and conveyed to counsel for Segal, "prior to and at the time of removal, that [B&F and Fussell] consented to such removal[.]" (Segal App. at 1). Segal also submits a "Consent to Removal" executed by C. Michael Gray, counsel for Hicks. (*Id.* at 3). However, neither the Hoffman affidavit nor the Hicks consent were filed with the court within the 30-day period mandated by 28 U.S.C. § 1446(b).[3] The only indication that the other defendants joined in or consented to removal within 30 days of service on the first defendant is a statement to that effect contained in the removal notice signed only by Segal's attorney. That representation does not satisfy the procedural requirements of the removal statute. *See Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D. Pa. 1994) (representation in notice of removal that "[a]ll defendants to this action consent to its removal to Federal District Court" held insufficient); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D. Tex. 1992) (same); *Luckett v. Harris Hospital--Fort Worth*, 764 F.Supp. 436, 442 (N.D. Tex. 1991) (same). Because B&F and Hicks did not properly join in or consent to removal, plaintiffs' motion to remand must be granted.[4]

B.

Plaintiffs also seeks costs and expenses for the improper removal of this action. A district

---

[3] The court notes that the Hoffman affidavit was not executed until May 4, 2005--nearly two months after Segal filed her notice of removal. Although the Hicks consent is dated March 21, 2005, it was not filed of record in this case.

[4] The resolution of this procedural issue pretermits consideration of whether plaintiffs' claims are preempted by ERISA.

court has discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The propriety of removal is central to this determination. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). An award of fees and expenses need not be "predicated on a finding of bad faith or negligent or frivolous removal." *Miranti*, 3 F.3d at 929, *citing News-Texan, Inc. v. City of Garland*, 814 F.2d 216, 220 (5th Cir. 1987). Instead, the relevant inquiry is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293; *Kent v. Ford Motor Co.*, 200 F.Supp.2d 670, 672 (S.D. Miss. 2002). This determination must be based on an objective view of the legal and factual elements in each particular case. *Valdes*, 199 F.3d at 293.

Here, Segal lacked objectively reasonable grounds to believe that her notice of removal was legally proper. Under established Fifth Circuit precedent, there must be some timely filed written indication from each defendant who joins in or consents to removal that it actually consents to such action. Segal either knew or should have known that her notice of removal failed to satisfy this requirement. Accordingly, plaintiffs are entitled to recover "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Products Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied,* 118 S.Ct. 435 (1997). Plaintiffs may file a fee application within 30 days of the date of this order if the parties cannot agree on the amount.

## **CONCLUSION**

Plaintiffs' motion to remand is granted. This case is hereby remanded to the 14th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand according to the usual procedure.

SO ORDERED.

DATED: June 10, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE